**IT IS ORDERED as set forth below:**



Date: September 22, 2022

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | : CASE NO. **20-65425-PMB** |
| **MELDOSHIA ROSSER**, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| _____ | : |

### ORDER DENYING DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13

This matter comes before the Court on a *Motion to Convert Case to Chapter 13* (the "Motion")(Docket No. 60) filed by the above-named Debtor (the "Debtor") on August 31, 2022. The Debtor filed the Motion *pro se*, although she is represented by counsel in this case.[1] On September 7, 2022, the Chapter 7 Trustee (the "Trustee") filed *Trustee's Objection to Debtor's Motion to Convert Chapter 7 Case to Chapter 13* (the "Objection")(Docket No. 63).[2]

---

[1] Counsel for the Debtor appeared at the Hearing and stated that they intend to file a motion to withdraw as counsel and would not be representing the Debtor on the Motion.

[2] Neil Gordon was appointed as the interim trustee on April 8, 2020, in accordance with 11 U.S.C. § 701.  *See* Docket No. 5.  His appointment as the Trustee became final at the conclusion of the meeting of creditors when no other trustee was elected.  11 U.S.C. § 702(d).

The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on April 8, 2020. On March 31, 2021, Nancy J. Gargula, United States Trustee (the "U.S. Trustee"), initiated Adversary Proceeding Number 21-05037-PMB (the "Adversary Proceeding") against the Debtor, seeking a judgment from this Court denying the Debtor a discharge from her debts under 11 U.S.C. § 727(a)(4)(A) and (a)(5). *See* Adversary Proceeding, Docket No. 1. An *Order Granting Judgment to Plaintiff on Plaintiff's Complaint Objecting to Debtor's Discharge* was entered in the Adversary Proceeding on July 15, 2022 (the "Order and Judgement")(Adversary Proceeding, Docket No. 63) and a *Notice of Denial of Discharge* was filed in the Chapter 7 case on July 21, 2022 (Docket No. 45). Shortly thereafter, the Trustee began the process of liquidating the Debtor's home for the benefit of the estate. The Trustee filed *Trustee's Application for Appointment of Attorneys* on July 29, 2022 (Docket No. 47) and an *Application to Employ Real Estate Broker Under Listing Agreement* on August 24, 2022 (Docket No. 53). On August 18, 2022, the Trustee filed *Trustee's Motion for an Order (A) Compelling Debtor to (I) Perform her Statutory Duties and (II) Turn Over Property of the Bankruptcy Estate and (B) Prohibiting Debtor From Removing Fixtures or Property of the Bankruptcy Estate* (the "Motion to Compel")(Docket No. 51). Following the Motion to Compel and the Trustee's attempt to begin selling the Debtor's home, the Debtor filed the present Motion.

The Motion and the Objection came on for hearing before the Court on September 12, 2022 (the "Hearing").[3] *See Order and Notice of Hearing on Debtor's Motion to Convert Case to Chapter 13*, entered on September 2, 2022 (Docket No. 61). The Debtor, counsel for the Debtor and the Trustee appeared at the Hearing.

---

[3] The Motion to Compel was also addressed at the Hearing and was taken under advisement pending a ruling on the Motion.

2

In the Objection and at the Hearing, the Trustee alleges that the Debtor filed the Motion in bad faith and is not eligible to convert her case to Chapter 13.[4]  Instead of asserting new facts to demonstrate bad faith, the Trustee argues that the facts found by the Court in the Order and Judgment establish the facts necessary to support a finding of "cause" to either dismiss or convert a Chapter 13 case under section 1307(c), such that the Motion should not be granted.  Specifically, the Trustee points to findings in the Order and Judgment that "the U.S. Trustee has shown a pattern of material omissions and false statements the Debtor intentionally made under oath [through the Debtor's filed schedules and statement of financial affairs] that authorizes the Court to deny the Debtor's discharge pursuant to section 727(a)(4)(A)." *See* Order and Judgment, p. 9.  The Trustee also notes the findings by the Court that "the Debtor could not clearly describe the depreciation of assets that occurred within a year before the petition date required to meet her burden under this section, and thus shall not receive a discharge pursuant to section 727(a)(5)."[5]  *See* Order and Judgment, p. 11.

The Trustee argues that those facts established in the Order and Judgment are sufficiently similar to the facts set forth in *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 371-72 (2007), in which the Supreme Court held that a court may deny a debtor's first request to convert from Chapter 7 to Chapter 13 where cause would exist to dismiss the Chapter 13 case under section 1307(c).[6]  The Supreme Court further explained that "a ruling that an individual's Chapter 13 case

---

[4] In the Objection, the Trustee asserted additional grounds for denial of the Motion.  These additional grounds were addressed by both parties at the Hearing; however, because the Court finds cause to deny the Motion based on the Order and Judgment, the other grounds are not addressed in this Order.

[5] The depreciation of assets addressed in the Order and Judgment involved a loan from Navy Federal Credit Union for $33,000.00 for the purpose of purchasing a 2018 Ford F150.  Neither the money nor the car were in the Debtor's possession on the petition date, even though the Debtor received the loan only seven (7) months before her bankruptcy case.

[6] Section 1307(c) outlines a non-exhaustive list of bases for finding "cause" to either dismiss or convert a Chapter 13 case.  *See* 11 U.S.C. § 1307(c)(1) through (c)(11).

3

should be dismissed or converted to Chapter 7 because of prepetition bad faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13" and conversion should not be permitted. *Id*. at 372-73 ("[T]he broad description of the right [under section 706(a)] as 'absolute' fails to give full effect to the express limitation in subsection (d). The words 'unless the debtor may be a debtor under such chapter' expressly conditioned [debtor's] right to convert on his ability to qualify as a 'debtor' under Chapter 13.").

In order to analyze whether the conduct found by the Court in the Order and Judgment would qualify as "bad faith" sufficient to find cause to dismiss under section 1307(c), the Court must first determine that the "Debtor is precluded from disputing the prior adjudication of these issues under the doctrine of collateral estoppel." *See In re Williamson*, 414 B.R. 895, 900 (Bankr. N.D. Ga. 2009). For the doctrine of collateral estoppel to apply, the following four (4) elements must be satisfied: (1) the issue be identical in both the prior and current action; (2) the issue was actually litigated; (3) the determination of the issue was critical and necessary to the judgment in the prior action; and (4) the burden of persuasion in the subsequent action is not significantly heavier. *See SEC v. Bilzerian (In re Bilzerian),* 153 F.3d 1278, 1281 (11th Cir. 1998).

The first element of collateral estoppel is satisfied here, as the issues in the prior litigation and the issues in the current litigation are identical. *See In re Dixon*, 525 B.R. 827 (Bankr. N.D. Ga. 2015). The issues litigated in the Adversary Proceeding included whether "the debtor knowingly and fraudulently, in or in connection with the case … made a false oath or account" and whether the debtor "failed to explain satisfactorily … any loss or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(4)(A) and (a)(5), respectively. In sum, the Court was required in the Order and Judgment to find whether the Debtor acted fraudulently by hiding assets

4

and misleading her creditors through false statements under oath in her schedules and other testimony. The same conduct can support an assertion by a party opposing a motion to convert that the debtor's request to convert was made in bad faith and such conversion would constitute an abuse of the bankruptcy process. *See Marrama*, 549 U.S. at 365-68 (finding that the debtor's act of transferring property that had substantial value seven (7) months prior to filing his Chapter 7 petition and then making misleading statements about that property in his petition constituted "cause" that would warrant dismissal or reconversion of his Chapter 13 case). At issue in both matters is whether the Debtor's conduct, including the depletion of the loan proceeds seven (7) months before her petition date and the misleading statements made in her schedules and during her 341 meeting, constitutes fraud sufficient to authorize the Court to deny her discharge under section 727(a)(4)(A) and (a)(5) and to deny her motion to convert because "cause" would exist to dismiss her case under section 1307(c).

As to the second and third elements of collateral estoppel, both are satisfied here. First, the issue of whether the Debtor acted fraudulently was fully litigated in the Adversary Proceeding. *See* Order and Judgment, pp. 2-3 (explaining the procedural posture that occurred in the Adversary Proceeding through and including a trial on the U.S. Trustee's complaint that served as a basis for the final ruling denying the Debtor's discharge under section 727(a)(4)(A) and (a)(5)). Second, the finding that the Debtor made fraudulent statements under oath and failed to adequately explain the disposition of her prepetition assets was essential and necessary to the finding that the Debtor should be denied her discharge. *See Lincoln Sav. Bank v. Freese (In re Freese),* 460 B.R. 733, 738 (B.A.P. 8th Cir. 2011)("[T]o establish a false oath under § 727(a)(4)(A), the [plaintiff] was required to prove that (1) Debtor made a statement under oath; (2) the statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent intent;

5

and (5) the statement related materially to the Debtor's bankruptcy case."); *White v. White (In re White),* 568 B.R. 894, 912 (Bankr. N.D. Ga. 2017)("In an action under 11 U.S.C. § 727(a)(5), the objecting creditor … must demonstrate: (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets.").

Regarding the final element of collateral estoppel, the burden of persuasion in the present matter is not significantly heavier than the burden of persuasion to prove exceptions to discharge in the Adversary Proceeding. For a motion to convert, "[t]he party opposing conversion (in this case, the Chapter 7 Trustee) bears the burden of proving 'bad faith.'" *In re Johnson,* 634 B.R. 806, 817 (Bankr. D. Colo. 2021). Although the Supreme Court in *Marrama* did not precisely articulate what conduct qualifies as "bad faith" sufficient to deny conversion of a case from Chapter 7 to Chapter 13, it noted that such conduct must be "atypical" and the case an "extraordinary" one. *See Marrama,* 549 U.S. at 375 n.11. The same can be said in a dischargeability proceeding where the plaintiff must "establish an exception to discharge by a preponderance of the evidence" and such exceptions should be narrowly construed against the U.S. Trustee and in favor of the debtor. *See Grogan v. Garner*, 498 U.S. 279, 287-88, 291, 11 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

For these reasons, the findings in the Order and Judgment must be given collateral estoppel effects as to the Trustee's Objection to the Debtor's Motion. Therefore, based on the findings found in the Order and Judgment, it is clear that the Debtor engaged in bad faith conduct similar to that of the debtor in *Marrama*. Thus, under the standard set forth by the Supreme Court, the

Debtor's case cannot be converted to Chapter 13 because such case would have to be dismissed or converted for cause under section 1307(c).

In light of the foregoing, it is hereby

**ORDERED** that the Trustee's Objection is **SUSTAINED** and the Debtor's Motion is **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, the Trustee, and the U.S. Trustee.

**[END OF DOCUMENT]**